**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOSHUA DAVID WILSON,                                                              PLAINTIFF
ADC # 179052

v.                                            4:23CV00974-LPR-JTK

CURRY BRANHAM, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky.   Any party may file written objections to all or part of this Recommendation.    If

you do so, those objections must: (1) specifically explain the factual and/or legal basis for your

objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this

Recommendation.    By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

**I.      Introduction**

Joshua David Wilson ("Plaintiff") is in custody at the Cummins Unit of the Arkansas

Division of Correction ("ADC").   He filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc.

No. 2).   He also filed a Motion to Proceed in forma pauperis, which was granted.    (Doc. Nos. 1,

5).   The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act

("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted.   (Doc.

No. 6).   Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies

in his pleading.   (Id.)   To date, Plaintiff has not filed an Amended Complaint, and the time for

doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

III.    **Discussion**

A.    **Plaintiff's Complaint**

Plaintiff sued Cummins Warden G. Musselwhite, Deputy Warden Pierce, Captain Mixon, and Lieutenant Curry Branham in their personal and official capacities.   (Doc. No. 2 at 1-2).   He alleges that Defendants failed to protect him from an attack by another inmate.   (Id. at 4-6).

Plaintiff was placed on behavior control and had no clothes, property, or shower for three days.   (Id. at 4).   Plaintiff explains after having had a cell to himself for several weeks, a Lieutenant James—not a party to this action—brought Plaintiff a cellmate, Aaron Matthew Jones.[1] (Id. at 4).   Plaintiff alleges Jones is "psychotic at best if not a total sociopathic lunatic."   (Doc. No. 3).   After sharing a cell with Plaintiff for several days, Jones began "talking nonstop about escaping, stabbing + choking his cellmates of old, [and] plans or plots he has previously come up with to deal with other cellmates he disapproved of."   (Doc. No. 2 at 5).   Plaintiff and Jones physically fought because Jones told Plaintiff that Plaintiff could not use the sink to brush his teeth. (Id.).   Plaintiff informed several correctional officers, including T.T. Miller—also not a party to this action—that Jones is insane and that they fought   (Id. at 6).   Miller ignored Plaintiff's complaint.   (Id.)   Plaintiff says Jones did not take his anti-psychotic drugs, but crushed the pills and snorted them like cocaine.   (Id.)   On September 25, 2023, Plaintiff was on the telephone when Jones jumped on Plaintiff from behind, choked him, and stabbed him with two pens.   (Id.) Plaintiff seeks injunctive relief.   (Doc. No. 2 at 6).

---

[1] Two other individuals, including Jones, are identified as plaintiffs in this case. (Doc. No. 2 at 1, 5).   The Clerk of the Court opened a separate action for each additional plaintiff.   The related cases are Jones v. Branham, et al., 4:23-cv-00975-LPR-JTK (E.D. Ark.) and Green v. Branham, 4:23-cv-00976-LPR-JTK (E.D. Ark.).

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.

**B.      Personal Capacity Claims Under 42 U.S.C. § 1983**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020).   The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." (Id.).   For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id.   (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials

4

failed to respond reasonably to that risk.'"  Id. at 977 (internal citation omitted).  The Court of Appeals for the Eighth Circuit has stated that:

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution.  It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures.

Id.

In his Complaint, Plaintiff made no allegations against any specific individual.  He does allege that his "life was left in harm's way knowingly by Defendant Branham."  (Doc. No. 2 at 4).  But Plaintiff does not explain how Defendant Branham allegedly failed to protect him. The only individual Plaintiff says he complained to about Jones is Miller, but Plaintiff did not name Miller as a Defendant.  Because liability under § 1983 is based on an individual's own actions, no Defendant can be found liable without allegations against him or her.  As such, Plaintiff failed to plead a failure to protect claim on which relief may be granted against any Defendant in his or her personal capacity.  Without any individual liability, Plaintiff's official capacity claims also fail.

In Plaintiff's statement of claim, he mentions being without clothes, property, and a shower for three days when he was placed on behavior control.  (Doc. No. 2 at 4).  The Court notes that these allegations, without more, do not rise to the level of a constitutional violation.  Williams v. Delo, 39 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, running water in sink or toilet, mattress, hygiene supplies, and hot food not a violation).

## IV.    Conclusion

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.      The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Judgment and any underlying Order dismissing this action would not be taken in good faith.

Dated this 29th day of November, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).